UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ERICA HERZOG,

                       Plaintiff,

     -against-

THE NEW YORK CITY DEPARTMENT OF
EDUCATION and PAT FINLEY, individually and
in his official capacity,

                       Defendants.
-------------------------------------------------------------------X

Docket No.: 21-CV-332

**COMPLAINT**

Jury Trial Demanded

Plaintiff, Erica Herzog, by and through her attorneys, RICOTTA & MARKS, P.C., allege upon knowledge as to herself and her own actions, and upon information and belief as to all other matters, as follows:

## JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983, to redress a violation of Plaintiff's constitutional rights under the Fourteenth Amendment of the United States Constitution, as well as violations in the terms, conditions and privileges of employment of Plaintiff by the Defendants, as well as deprivation by the Defendants, acting under color of law, of the policies, ordinances, custom and usage of rights, privileges and immunities secured to the Plaintiff by Fourteenth Amendment to the Constitution of the United States and all the laws and statutes thereunder, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000-e, *et seq.,* and any other cause of action which can be inferred from the facts set forth herein.

2. The jurisdiction of this Court is invoked under 28 U.S.C. § 1331, the doctrine of pendant

1

jurisdiction and aforementioned statutory provisions.

3. Venue is proper pursuant to 28 U.S.C. § 1391.

4. All conditions precedent to maintaining this action have been fulfilled. A charge of discrimination was filed with the State Division of Human Rights, which was cross filed with the Equal Employment Opportunity Commission ("EEOC") on September 23, 2019. A notice of a right to sue letter was received from the EEOC on October 24, 2020. This action was properly commenced within ninety (90) days of Plaintiff's receipt of said notice.

## PARTIES

5. Plaintiff, Erica Herzog ("Herzog"), was and still is a resident of Nassau County, State of New York.

6. Defendant, New York City Department of Education ("DOE"), was and still is a municipal entity located at Tweed Courthouse, 52 Chambers Street, New York, NY 10007. The DOE maintains a middle school (P.S. Q167 within District 28 – the Metropolitan Learning Academy) that is located at 91-30 Metropolitan Avenue, Forest Hills, New York 11375. At all relevant times herein, Plaintiff was assigned to P.S. Q167.

7. Defendant Pat Finley ("Finley"), was, at all relevant times, a co-principal at P.S. Q167. Finley was a policymaker and had the ability to hire, fire, and discipline employees, including Plaintiff.

## FACTS

8. Erica Herzog ("Herzog") is a female.

9. Herzog began her employment with the New York City Department of Education ("DOE") in or around January 2017 as a middle school teacher assigned to P.S. Q167, the Metropolitan Expeditionary Learning School ("Metropolitan"). Herzog had previous

teaching experience outside of the DOE and had always performed her job in a satisfactory manner, as was the case during her employment with the DOE.

10. In or around the end of November 2018, Herzog notified her supervisor, Pat Finley ("Finley"), Co-Principal, that she was pregnant.

11. Prior to doing so, Herzog, who was in a tenure track position, had completed the prior school year in a positive fashion receiving all satisfactory or developing ratings, and generally positive feedback regarding her development as a teacher. As a probationary teacher, Herzog was not due for a decision on tenure, and could have been continued without the DOE having to make such a determination regarding tenure, for a total of two more school years.

12. After advising Finley of her pregnancy, however, Herzog noticed a shift in how she was treated and perceived by Finley and others at Metropolitan.

13. For example, after advising Finley of her pregnancy, Herzog began to receive notably worse reviews and rating for her performance from Finley than she had prior to notifying him of her pregnancy.

14. In addition, Finley effectively ceased providing Herzog any constructive feedback designed to help her improve her pedagogy.

15. Earlier that school year, in or around October 2018, during a staff meeting, Finley had voiced an animus toward teachers with young children, stating that anyone who gets pregnant or has a young child at Metropolitan better adjust to the school or leave. Moreover, in direct response to a question about teachers who start having children and how the school will handle/support those employees, it was stated that the school is not necessarily the best fit for everyone.

16. Moreover, prior to her notifying the DOE of her pregnancy, Herzog's co-teacher, who was a founder of the school and is also an instructional coach, Robin Baumgarten ("Baumgarten"), expressed to Herzog, when referring to another teacher that had left the school, that the teacher in question should have looked for work on Long Island to begin with, as you can't be a DOE teacher and a mom.

17. In or around March 2019, Finley told Herzog that they were planning to discontinue her employment with the DOE, allegedly due to performance issues. However, at that time, Finley voiced that Herzog should apply for teaching jobs in Westchester or Long Island because "maybe that's a better fit," which was another reference to the fact that the DOE was not a fit for Herzog as a soon to be mother.

18. As noted above, this decision to discontinue Herzog was not necessary at the end of the 2018/19 school year, as Herzog's probationary period could have been extended one more year.

19. As a result of Defendants' discriminatory animus, Herzog's employment with the DOE was terminated as of June 2019.  This is despite the fact that Herzog has performed her job in a satisfactory manner and could be maintained without any decision on tenure being made for at least another school year.  Upon information and belief, her premature discontinuance is motivated, at least in part, by her pregnancy and the impending change in her familial status.

20. As a result of the foregoing, Herzog has suffered financial damages, future damages, as well as physical and emotional distress damages.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER FEDERAL LAW

21. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this complaint.

22. Defendant, while acting under color of law, retaliated against Plaintiff as detailed above, depriving Plaintiff of his constitutional rights, as secured by the First Amendment to the United States Constitution, in violation of 42 U.S.C. § 1983.  The Defendant has intentionally committed, condoned or were deliberately indifferent to the aforementioned violations of Plaintiff's constitutional rights in that the Defendant's custom or practice of discriminating and/or retaliating against Plaintiff and subjecting her to adverse employment actions and/or an atmosphere of adverse actions that were motivated, at least in part, by Plaintiff's gender, pregnancy, and familial status, in violation of Plaintiff's constitutional and statutory rights pursuant to 42 U.S.C. § 1983. Such deliberate indifference may be inferred in the following ways:

    a. The Defendant's custom or practice of discriminating against Plaintiff based on her gender, pregnancy, and/or familial status. The discriminatory practices were so persistent and widespread that they constitute the constructive acquiescence of policymakers.

    b. Supervisors failed to properly investigate and address allegations of discrimination.

    c. Inadequate training/supervision was so likely to result in the discrimination that policymakers can reasonably be said to have been deliberately indifferent to the need to provide better training and supervision.

    d. Policymakers engaged in and/or tacitly condoned the discrimination.

**AS A SECOND CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER FEDERAL LAW**

23. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this complaint. Title VII of the Civil Rights Act of 1964 provides that

    a. It shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin, or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

24. As described above, Defendant DOE, has subjected Plaintiff to discrimination based on her gender, pregnancy, and/or familial status in violation of Title VII of the Civil Rights Act of 1964.

## AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION
## UNDER FEDERAL LAW

25. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this complaint.

26. The individual Defendant unlawfully participated in and/or permitted the aforementioned unlawful conduct to perpetuate, without abatement, in violation of Plaintiff's constitutional and statutory rights pursuant to 42 U.S.C. § 1983.

WHEREFORE, Plaintiff demands judgment against Defendants, where applicable, for all compensatory, emotional, physical, and punitive damages (against the individual defendant) damages, lost pay, front pay, injunctive relief, attorney fees and costs, and any other damages permitted by law.  Plaintiff demands a trial by jury.

Dated: Long Island City, New York
January 19, 2021

    Respectfully submitted,

**RICOTTA & MARKS, P.C.**
*Attorneys for Plaintiff*
3110 37th Avenue, Suite 401
Long Island City, New York 11101
(347) 464-8694


_____/s_____
Thomas Ricotta